UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Alen Beganovic,<br><br>      Plaintiff,<br><br>-v.-<br><br>Equifax Information Services, LLC,<br><br>      Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Alen Beganovic, brings this Complaint by and through counsel, against Defendant Equifax Information Services, LLC ("Equifax" or "Bureau"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and Defendant transact business here.

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Barrow.

5. At all times material hereto, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the above allegations as if set forth here.

12. There are a number of accounts and other information appearing on Plaintiff's credit reports that do not belong to Plaintiff.

13. There is even a name that is not Plaintiff's: Alan Liu.

14. It appears that Plaintiff's credit report has been mixed with an unknown party Alan Liu.

15. There are addresses that Plaintiff has never lived, from states where Plaintiff has never resided.

16. These include:

   a. 4607 Cambryar St., Fairfax, VA;

   b. 8332A 13th Ave NW Unit A, Seattle, WA;

   c. 4606 Cambryar St., Fairfax, VA; and

   d. 714 E Pike St, Unit 423, Seattle, WA.

17. Plaintiff has never lived at these addresses and has never resided in these states.

18. There are a number of accounts and other information that are on, or were on, Plaintiff's credit reports that do not belong to Plaintiff.

19. There are 15 accounts:

   a. SYNCB/VENMO,

   b. JPMCB CARD SERVICES,

   c. WEB BANK,

    d. CHIMEFIN/STRIDE BANK,

    e. BARCLAYS BANK DELAWA,

    f. BEST BUY/CBNA,

    g. AMERICAN EXPRESS,

    h. CITICARDS CBNA,

    i. APPLE CARD – GS BANK,

    j. CAPITAL ONE BANK USA,

    k. SOFI BANK, NATIONAL,

    l. DISCOVER CARD, and

    m. 1st SECURITY BANK (each of the aforementioned accounts an "Account" and collectively, "Accounts").

20. Each of these Accounts are not Plaintiff's.

21. The balances from these Accounts contribute to Plaintiff's overall credit usage, along with the total debt attributed to him, worsening his credit rating.

22. There is more than seven hundred thousand dollars ($700,000.00) of someone else's debt showing as owed by Plaintiff.

23. It appears that Plaintiff's credit report was mixed with another's.

24. It appears that Plaintiff's credit report was mixed with unknown party Alan Liu.

25. Because so much of the information showing on Plaintiff's credit reports does not belong to Plaintiff, it has been extremely difficult, and at times impossible for him to even retrieve a copy of his report.

26. Plaintiff was unaware of these Accounts and did not authorize anyone to open them in his name or on his behalf.

27. To the extent another person opened these accounts in Plaintiff's name, then these Accounts are the product of fraud because they are not his accounts.

28. The Accounts were mixed in with Plaintiff's legitimate credit account(s) on his credit report.

29. The Bureau was reporting the Accounts and balances on Plaintiff's credit reports.

30. On information and belief, on date(s) better known to the Bureau, the Bureau issued credit reports concerning the Plaintiff that included one or more of the Accounts.

31. The Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

32. The Defendant knew or should have known that the reported information was inaccurate.

33. The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit reports.

34. To the extent that Plaintiff's credit information was mixed with an unknown party's, it appears the unknown party, and any entity receiving his credit report, received Plaintiff's credit information without a permissible purpose.

35. The Bureau violated 15 U.S.C. § 1681b by impermissibly furnishing his credit information to one or more persons without a proper purpose.

36. The Bureau violated 15 U.S.C. § 1681j by failing to provide Plaintiff with a copy of his credit report upon his request for same.

37. The Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

38. The Defendant knew or had reason to know the information was inaccurate.

39. The Defendant was in possession of the documentation of the inaccuracies of the Account(s), yet persisted in reporting it anyway.

40. The Bureau's reporting of the above-referenced tradeline(s) continued to be inaccurate and materially misleading.

## Damages

41. As a result of the Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

42. The Defendant's erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

43. It also falsely appears as if Plaintiff owes money on the Accounts, when he does not.

44. It also inaccurately appears as if Plaintiff is utilizing a high percentage of his available credit.

45. This false information was published to numerous third parties.

46. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

47. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify the Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

48. Plaintiff's information was also published to others when this unknown individual applied for credit, without Plaintiff's knowledge or consent, and without a permissible purpose for doing so.

49. Plaintiff was unable to secure adequate credit to which he would otherwise have qualified, but for the Defendant's actions.

50. Upon information and belief, Plaintiff has been denied credit because creditors were unable to verify his identity because his credit report, including his personally identifying information, was mixed with an unknown party's, making it look as if Plaintiff was providing fraudulent personal information, resulting in denials, perhaps without showing up as in inquiry on his credit reports.

51. If Plaintiff's credit file is mixed with another person (an unknown party), then upon information and belief, the Bureau impermissibly shared Plaintiff's personal credit information with the person whose information appears on his report (an unknown party) and/or others.

52. When Plaintiff applied for a credit card from Capital One, he was denied due to Defendant's actions.

53. Capital One said his income was insufficient which only makes sense because Defendant was telling Capital One that Plaintiff had more than $700,000 in debt that was not his.

54. Capital One also noted Plaintiff's credit score was adversely impacted by the amounts owed on accounts and having too many accounts with balances – all attributable to the account snot belonging to Plaintiff.

### FIRST CAUSE OF ACTION
(Violations of the FCRA as to the Bureau)

55. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

56. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

57. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

58. The Bureau violated 15 U.S.C. § 1681b by impermissibly furnishing his credit information to one or more persons without a proper purpose.

59. The Bureau violated 15 U.S.C. § 1681j by failing to provide Plaintiff with a copy of his credit report upon his request for same.

60. The Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

61. The failure of the Bureau to comply with the Act include but is not necessarily limited to:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

    c. The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer;

    d. failing to provide Plaintiff with a copy of his credit report upon his request for same; and

    e. impermissibly furnishing credit information to one or more persons without a proper purpose.

62. As a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage as described above.

63. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

64. In the alternative, the conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

65.     Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

66.     WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

67.     Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

c) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), and 15 U.S.C. § 1681o (a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  February 27, 2026

          Respectfully submitted,

          **THE OAKS FIRM**

          *s/ Misty Oaks Paxton*
          Misty Oaks Paxton, Esq.
          Bar No. 127089
          3895 Brookgreen Point
          Decatur, GA 30034
          P: (405) 529-6257
          F: (775) 320-3698
          attyoaks@yahoo.com

          **Stein Saks, PLLC**

          *s/ Eliyahu Babad*
          Eliyahu Babad, Esq.
          One University Plaza, Suite 620
          Hackensack, NJ 07601
          (201) 282-6500 x121
          EBabad@SteinSaksLegal.com
          *Pending Pro Hac Vice Admission*

          *Attorneys for Plaintiff*